19MAG3423. ORIGINAL

Approved: _____
Ryan B. Finkel
Assistant United States Attorney

Before: HON. ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :    **SEALED COMPLAINT**
                                    :
            - v. -                  :    Violation of
                                    :    21 U.S.C. § 846
SIRRON STAFFORD,                    :
    a/k/a "Sherm"                   :
                                    :
                                    :    COUNTY OF OFFENSE:
            Defendant.              :    NEW YORK
                                    :
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

MICHAEL DUFFY, being duly sworn, deposes and says that
he is a Detective with the New York Police Department ("NYPD")
and charges as follows:

COUNT ONE
(Conspiracy to Possess with Intent to Distribute Narcotics)

1. From at least on or about November 7, 2018, up to
and including at least on or about March 29, 2019, in the
Southern District of New York and elsewhere, SIRRON STAFFORD,
a/k/a "Sherm," the defendant, and others known and unknown,
intentionally and knowingly did combine, conspire, confederate,
and agree together and with each other to violate the narcotics
laws of the United States.

2. It was a part and an object of the conspiracy
that SIRRON STAFFORD, a/k/a "Sherm," the defendant and others
known and unknown, would and did distribute and possess with
intent to distribute controlled substances, in violation of
Title 21, United States Code, Section 841(a)(1).

3. The controlled substances that SIRRON STAFFORD, a/k/a "Sherm," the defendant, conspired to distribute and possess with intent to distribute were (i) 100 grams and more of mixtures and substances containing a detectable amount of heroin in violation of Title 21, United States Code, Section 841(b)(1)(B); and (ii) 40 grams and more of mixtures and substances containing a detectable amount of fentanyl in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Detective with the NYPD and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, and my conversations with law enforcement officers, law enforcement employees, and witnesses, as well as a review of documents and recordings. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my review of documents and videos, my conversations with law enforcement officers, as well as my own personal involvement in this investigation, I have learned, in part and in substance, that:

a. Or about November 7, 2018, an undercover law enforcement officer ("UC-1") purchased approximately five bundles[1] from SIRRON STAFFORD, a/k/a "Sherm," the defendant.[2] STAFFORD

---

[1] A "bundle" is a term used by narcotics distributors and their customers. A bundle typically consists of 10 small bags of heroin that are sold together and usually held together with a rubber band.

[2] During UC-1's interactions with STAFFORD, STAFFORD referred to himself as "Sherm." I have identified him as SIRRON STAFFORD based on a comparison of his appearance from undercover videos taken during the undercover purchases described herein to photographs available in databases accessible to law enforcement. In addition, on or about October 11, 2018, I

2

represented to UC-1 that the bundles contained heroin. This transaction was recorded by video and I have reviewed that recording.

b. Beginning on or about November 13, 2018 through on or about March 29, 2019, on approximately 13 occasions, in or around New York, New York, UC-1 met STAFFORD and purchased from STAFFORD bundles, and on one occasion a bag, of what STAFFORD represented was heroin. During this time period, UC-1 purchased a total of 230 bundles and one bag of heroin. Each of these transactions was video recorded and I have reviewed a copy of those recordings.

c. The substances inside approximately 230 bundles and 1 bag have been tested by NYPD lab technicians, and I am aware that the substances inside the bundles and the bag tested positive for heroin. I am also aware that NYPD lab technicians determined that the total weight of the substances inside the 230 bundles and 1 bag is approximately 118 grams. In addition, I have learned that on approximately five occasions the substances sold to UC-1, which weighed a total of approximately 44 grams, also tested positive for the presence of fentanyl.

d. During one transaction with STAFFORD on or about January 17, 2019, STAFFORD claimed, in substance and in part, that the heroin he had that day was particularly good and that he only had 11 bundles left because STAFFORD's "older brother" possessed the heroin earlier that morning and sold several bundles. On or about, February 1, 2019, STAFFORD told UC-1 that he had more than the 34 bundles of heroin to sell to UC-1 that day but his "brother" took some.

6. Based on my review of documents, my conversations with law enforcement officers and others, and my training and experience, I know that individuals who distribute heroin in quantities similar to those distributed by SIRRON STAFFORD, a/k/a "Sherm," the defendant, typically distribute narcotics to more than one individual. Indeed, during one transaction, on or about March 12, 2019, with STAFFORD on or about March 12, 2019, UC-1 witnessed STAFFORD sell three bundles to another individual.[3] Therefore, I believe there is a probable cause that the bundles

---

stopped STAFFORD on the street and asked for identification, which identified him as STAFFORD.

[3] The approximately 26 bundles that UC-1 purchased on this date tested positive for the presence of heroin and fentanyl.

3

UC-1 purchased from STAFFORD represent only a portion of the narcotics STAFFORD possessed and distributed along with his "brother" and others.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of SIRRON STAFFORD, a/k/a "Sherm," the defendant, and that he be imprisoned or bailed, as the case may be.

Michael Duffy
Detective
New York Police Department

Sworn to before me this
5th day of April, 2019

THE HONORABLE ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4